UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| PATSY LAWSON,<br><br>    Plaintiff,<br><br>V.<br><br>LOWE'S HOME CENTERS, LLC, and<br>Unknown Defendant,<br><br>    Defendants. | CIVIL ACTION NO. 5:13-374-KKC<br><br><br>**MEMORANDUM OPINION AND<br>ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on plaintiff Patsy Lawson's motion to file an amended complaint (DE 10) to join Melissa Johnson, April Harris, Carolyn Coscia, and Rose Joynt as defendants. Plaintiff has simultaneously filed a motion to remand (DE 11) on the grounds that joining the aforementioned persons would destroy diversity and divest this Court of jurisdiction. For the reasons discussed below, plaintiff's motions will be denied.

**I. BACKGROUND**

Plaintiff's original complaint was filed on August 23, 2013, in the Montgomery Circuit Court. (DE 1-1). Lawson alleges that during her visit to Lowe's Home Centers, LCC ("Lowe's") in Mt. Sterling, Kentucky on June 24, 2013, she tripped and fell on a water hose lying on the ground of the store's garden center. (DE 1-1, 6-1). She claims that "[a]s she stepped across the hose, the hose was raised and entangled her feet which caused her to fall." (DE 6-1 at ¶ 8). Lawson alleges that her right shoulder was fractured as a result of the fall. (DE 6-1 at ¶ 11).

Plaintiff's complaint asserted negligence claims against Lowe's Home Centers, Inc.[1] as well as an "Unknown Defendant." (DE 1-1). Plaintiff alleges that the "Unknown Defendant" is "an employee of Lowe's that was working in its garden center on June 24, 2013." (DE 1-1 at ¶ 3).

On November 4, 2013, Lowe's removed the case to this Court based on diversity jurisdiction. (DE 1). Lawson is a Kentucky resident, and Lowe's is a limited liability company whose only member is Lowe's Companies, Inc., a North Carolina corporation. (DE 1, 1-1). Lowe's Companies, Inc.'s principal place of business is located in North Carolina. (DE 1-1). There is no dispute that the amount in controversy exceeds the requirement under 28 U.S.C. § 1332(a). Based on these facts, complete diversity existed at the time of removal.

On November 15, 2013, plaintiff filed a motion to remand the case to state court for lack of diversity jurisdiction. (DE 5). In support of her motion, Lawson attached as an exhibit an amended complaint adding four non-diverse Lowe's employees as defendants. (DE 5-1). On May 15, 2014, this Court denied plaintiff's motion to remand, explaining that diversity jurisdiction existed under the original complaint and plaintiff's attached amended complaint was procedurally insufficient to destroy diversity jurisdiction. (DE 8). This Court instructed Lawson to file a motion requesting leave to amend if she desired to amend her complaint. (DE 8).

On May 22, 2014, Lawson filed a motion to amend her complaint. (DE 10). The only changes from her original complaint are the substitution of Melissa Johnson, April Harris, Carolyn Coscia, and Rose Joynt for the "Unknown Defendant." (DE 10-1). Specifically,

---

[1] Lowe's Home Centers, Inc. merged into Lowe's Home Centers, LLC on November 1, 2013. Lowe's Home Centers, LLC was substituted as the proper party in this action on November 7, 2013. (DE 4).

Lawson alleges that those four persons were Lowe's employees working in its garden center on June 24, 2013, and negligently created the condition that caused plaintiff to fall and be injured. (DE 10-1). Plaintiff states that she recently learned the identities of those four Lowe's employees through discovery. (DE 5). Simultaneously with the motion to amend the complaint, plaintiff filed a second motion to remand the case to state court. (DE 11). As grounds for that motion, plaintiff notes that the four Lowe's employees are Kentucky residents, who, if joined, would destroy diversity jurisdiction. (DE 11).

## II. ANALYSIS

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure, which allows a plaintiff to amend a complaint "once as a matter of course" within twenty-one (21) days of a defendant's answer or motion to dismiss under Rule 12. Fed. R. Civ. P. 15(a)(1)(B). Rule 15 provides that even if the party does not seek the amendment within the of-right period, the court may give leave to permit such an amendment and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Sixth Circuit has recognized that "where the underlying facts would support a claim leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

"However, when a case has been removed to federal court and the amendment to the complaint would divest the court of jurisdiction, Congress has left the decision to the discretion of the courts." *Cooper v. Thames Healthcare Group, LLC*, No. 13-14-GFVT, 2014 WL 941925, at *2 (E.D. Ky. Mar. 11, 2014) (citing 28 U.S.C. § 1447(e)). Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder

3

would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See also Collins ex rel. Collins v. Nat'l Gen. Ins. Co.*, No. 10-13344, 2010 WL 4259949 (E.D. Mich. Oct. 25, 2010). "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable." *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F.Supp.2d 807, 823 (N.D. Ohio 2008) (quoting *Harmon v. McCreary*, No. 07-3-DLB, 2007 WL 4163879, at *3 (E.D. Ky. Nov. 20, 2007)); *see also Lynch v. Lear Seating Corp.*, No. CIV.A.3:00CV-323-S, 2001 WL 1774429, at *1 (W.D. Ky. Aug. 23, 2001) ("Essentially, joinder of a nondiverse party after removal is permissible if such joinder would be fair.")

> Though the Sixth Circuit has provided little guidance on this statutory section,[2] courts in this district generally consider the following factors when reviewing a motion to amend a complaint under Section 1447(e): "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors."

*Cooper*, 2014 WL 941925, at *2 (quoting *Premium Fin. Grp., LLC v. MPVF LHE Lexington LLC*, No. 5:13-CV-362-KKC, 2014 WL 112308, at *4 (E.D. Ky. Jan. 9, 2014)); *see also Brandenburg v. Stanton Health Facilities, L.P.*, No. 5:14-183-DCR, 2014 WL 4956282, at *2 (E.D. Ky. Oct. 2, 2014); *Davis v. Owners Ins. Co.*, No. 5:14-cv-169-JMH, 2014 WL 3339587, at *3 (E.D. Ky. July 9, 2014); *Lester v. Extendicare, Inc.*, No. 6:13-CV-21, 2013 WL 3781300, at *3 (E.D. Ky. July 18, 2013). Other district courts in this circuit have found the first factor is "often of 'paramount importance' because the ultimate question is whether the

---

[2] The Sixth Circuit has referenced the following factors with approval while addressing the effect of substituting a non-diverse party for a fictitious defendant. *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citing 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3723 (3d ed. 1998)); *see also Walters v. Lowe's Home Improvement Warehouse of Georgetown*, No. 5:10-302-JMH, 2011 WL 3319717 (E.D. Ky. Aug. 1, 2011) (discussing the applicability of *Curry* to the context of 28 U.S.C. § 1447(e)).

primary purpose of the proposed joinder is to divest the federal forum of jurisdiction." *Brandenburg*, 2014 WL 4956282, at *2 (citing *Bridgepointe Condominiums, Inc. v. Integra Bank Nat'l Ass'n*, No. 08-475-C, 2009 WL 700056, at *2 (W.D. Ky. Mar. 13, 2009); *City of Cleveland*, 571 F.Supp.2d at 824–25; *J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F.Supp.2d 613, 618 (E.D. Mich. 2005)).

Before applying these factors, it is important to note the absence of the sole factor discussed by Lowe's. In its response to plaintiff's motion to amend and second motion to remand, Lowe's contends that "'it is well settled law that the district court may deny a motion to amend if the court concludes that the pleading as amended could not withstand a motion to dismiss.'" (DE 14 at 3–4 (quoting *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986)). Lowe's argues that the amended complaint "does not contain sufficient allegations to state a colorable cause of action of premises liability against the 4 named individual employees." (DE 14 at 4). This standard, however, relates to whether a fraudulent joinder has occurred or whether permitting the plaintiff to amend her complaint would be futile. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law."); *Martin*, 801 F.2d at 248 (stating that "the district court may deny a motion to amend if the court concludes that the pleading as amended could not withstand a motion to dismiss" where the plaintiffs sought to amend their complaint to include two additional claims). Although the concepts of joinder of non-diverse parties and fraudulent joinder are closely related, "the Section 1447(e) factors and the fraudulent joinder analysis differ significantly, and cannot be substituted for each other." *Cooper,* 2014 WL 941925, at *3 (citing *Bridgepointe,* 2009 WL 700056, at *2; *Walters v. Lowe's Home Improvement.*

5

*Warehouse of Georgetown,* No. CIV.A. 5:10–302–JMH, 2011 WL 3319717, at *1 (E.D. Ky. Aug. 1, 2011)).

> Courts use the doctrine of fraudulent joinder to prevent a plaintiff from naming non-diverse nominal or irrelevant parties in order *to avoid removal*. . . . In contrast, Section 1447(e) enables a court to prevent a party from single-handedly depriving it of jurisdiction by giving the court the discretion to prohibit joinder of non-diverse parties *after removal*.

*Bridgepointe*, 2009 WL 700056, at *2 (emphasis added) (citation omitted) (internal quotation marks omitted). Because Lawson's motion to amend her complaint to join the four non-diverse parties occurred *after removal*, the Section 1447(e) factors are controlling.

The standard asserted by Lowe's is also used to determine whether a proposed amendment would be futile. *See Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) ("A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'" (quoting *Martin*, 801 F. 2d at 248)). For example, in *Martin v. Associated Truck Lines, Inc.*, the case relied on by Lowe's, the Sixth Circuit affirmed the trial court's denial of the plaintiffs' motion to amend their complaint to include two state law claims, explaining that the state law claims were preempted by federal law so amendment would be futile. *Martin*, 801 F.2d 246. The plaintiffs in *Martin* did not attempt to amend their complaint to join additional defendants, much less defendants whose joinder would destroy diversity jurisdiction. Congress enacted Section 1447(e) to address the specific type of proposed amendment at issue here—an amendment "to join additional defendants whose joinder would destroy subject matter jurisdiction[.]" 28 U.S.C. § 1447(e). Therefore, Section 1447(e) and the four-factor test apply and the standard discussed by Lowe's is inapposite.

6

The first factor of Section 1447(e) requires the Court to determine the extent to which the purpose of the amendment is to defeat diversity jurisdiction. In the instant case, Lawson seeks to amend her complaint to join four non-diverse Lowe's employees "to ensure they are held accountable" for her injuries. (DE 10). Plaintiff filed her motion to amend simultaneously with her second motion to remand, the sole basis of which is lack of diversity based on the joinder of the four Lowe's employees. Courts have held that such contemporaneous filings indicate a motive to destroy diversity jurisdiction. *See, e.g., Cooper*, 2014 WL 941925, at \*4 (citing *McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F.Supp.2d 258, 264 (E.D.N.Y. 2009) ("The amended complaint was filed contemporaneously with McGee's motion to remand. The inference is all but compelled that the complaint was amended with the deliberate purpose of divesting this Court of jurisdiction.")). Moreover, Lawson attached an amended complaint to her first motion to remand, which was also exclusively based on lack of diversity due to the joinder of the four Lowe's employees. (DE 5, 5-1). Thus, the fact that plaintiff has twice filed a motion to remand simultaneously with an amended complaint suggests that her purpose is to defeat federal jurisdiction. The Court notes, however, that Lawson's original complaint included an "Unknown Defendant" and that she learned the identities of the four Lowe's employees through discovery, and courts have found similar circumstances compelling in permitting joinder. *See Bridgepointe*, 2009 WL 700056, at \*3 (allowing joinder where plaintiffs learned of facts establishing the basis for claims against the proposed party through deposition testimony); *see also Cooper*, 2014 WL 941925, at \*1, 3 (noting that the plaintiff's explanation for seeking to add a defendant would be more compelling if the plaintiff had learned the identity of the tortfeasor through discovery and then moved for leave to file an amended complaint to substitute the tortfeasor for one of the original "Unknown Defendants"). Nevertheless, the Court finds

7

that the circumstances surrounding Lawson's motion to amend, taken together, suggest that the purpose of joining the four Lowe's employees was in part to destroy diversity jurisdiction. Accordingly, the first factor weighs slightly in favor of denying the motion to amend the complaint.

The outcome of the first factor is buttressed by the Court's finding under the third factor that plaintiff would suffer no substantial prejudice if joinder were not allowed. Specifically, it appears that Lawson may obtain full relief without joining the four Lowe's employees to this action. Lawson's amended complaint seeks to assert claims of negligence against Lowe's and four Lowe's employees. (DE 10-1). Lawson's claims for negligence against the four Lowe's employees are based on conduct occurring in the course and scope of their employment at Lowe's. (DE 10-1). As a result, the doctrine of *respondeat superior* would likely render Lowe's liable for any tortious acts the employees are found to have caused. *See O'Bryan v. Holy See*, 556 F.3d 361, 383 (6th Cir. 2009) (quoting *Papa John's Int'l, Inc. v. McCoy*, 244 S.W.3d 44, 56 (Ky. 2008) ("Under the doctrine of respondeat superior, an employer can be held vicariously liable for an employee's tortious actions if committed in the scope of his or her employment.")). Lawson does not deny this is the case under Kentucky law, but argues that she is seeking to impose individual liability against the four Lowe's employees for raising the hose as she stepped across it. (DE 15). Plaintiff points to *Polk v. Illinois Central Railroad Company*, 195 S.W. 129 (Ky. 1917), for the assertion that in Kentucky every person is responsible for his or her own actions. (DE 5). In her amended complaint, however, Lawson fails to allege conduct by any of the four Lowe's employees falling outside the scope of employment. Thus, because Lawson could likely obtain full recovery without joining the four Lowe's employees, she would not suffer substantial prejudice if the amendment was not allowed. Other district courts in this

8

circuit have also found that a plaintiff is not substantially prejudiced when it could obtain complete relief without joining additional parties. *See Brandenburg*, 2014 WL 4956282, at *3–4 (finding that the plaintiff could obtain full relief under the doctrine of *respondent superior* so the plaintiff would not be significantly injured if the joinder of two parties was not allowed); *Davis,* 2014 WL 3339587, at *5 (finding that the plaintiff would not be substantially prejudiced if the court denied joinder of two parties because the plaintiff could obtain full relief under the doctrine of *respondeat superior* for one party and the other party was unnecessary to completely resolve a contract dispute); *Barnett v. MV Transp., Inc.*, No. 3:14-CV-00250-TBR, 2014 WL 1831151, at *3–4 (W.D. Ky. May 8, 2014) (finding that the plaintiff could obtain "complete and adequate relief" under the doctrine of *respondeat superior*, so joinder of a bus driver whose identity the plaintiff learned through discovery was not necessary); *Cooper*, 2014 WL 941925, at *4 ("That the Estate could likely obtain full recovery [under the doctrine of *respondeat superior*] without joining Gidron, shows that it would not suffer substantial prejudice if the joinder was disallowed and suggests that the true purpose of the joinder was to destroy federal jurisdiction."). Accordingly, the Court finds that the third factor weighs in favor of denying the motion to amend the complaint.

The second factor concerns whether Lawson has been dilatory in seeking to amend her complaint. Plaintiff filed this action on August 23, 2013. (DE 1-1). On October 18, 2013, Lowe's mailed interrogatories to plaintiff disclosing the names of the four Lowe's employees. (DE 5-3). Lowe's removed the case to this court on November 4, 2013. (DE 1). On November 15, 2013, plaintiff filed her first motion to remand wherein she attached her amended complaint as an exhibit. (DE 5). On May 15, 2014, the Court denied plaintiff's first motion to remand, explaining that plaintiff had not followed the correct procedure for

filing an amended complaint. (DE 8). One week later, on May 22, 2014, Lawson correctly filed a motion to amend her complaint. (DE 10).

Despite plaintiff's procedural error, it is clear that she intended to file an amended complaint on November 15, 2013, less than three months after the filing of the original complaint, less than one month after she learned the identities of the four Lowe's employees through discovery, and less than two weeks after Lowe's removed the case to this Court. Courts have found other plaintiffs not to be dilatory where longer periods of time have passed. *See Bridgepointe*, 2009 WL 700056, at *3 (amendment four months after filing of original complaint and two weeks after deposition in which plaintiff learned facts necessitating joinder not dilatory); *McNeel v. Kemper Cas. Ins. Co.*, No. 3:04-CV-0734, 2004 WL 1635757, at *3 (N.D. Tex. July 21, 2004) (amendment five months after filing of original complaint and six weeks after removal not dilatory). Therefore, the Court finds plaintiff was not dilatory in seeking to amend her complaint, and this factor weighs in favor of allowing plaintiff to amend the complaint.

Finally, the Court finds there are "other equitable factors" that counsel using its discretion to deny joinder in this case. One consideration is whether the four Lowe's employees "should be haled into this Court to respond to [p]laintiff's [c]omplaint, when doing so would offer little if any benefit to [p]laintiff's case but would certainly destroy this Court's jurisdiction." *Barnett*, 2014 WL 1831151, at *2. Another consideration is the removing defendant's "substantial interest in proceeding in a federal forum." *Cooper*, 2014 WL 941925, at *5 (citing *Bridgepointe*, 2009 WL 700056, at *4). Here, Lowe's has a significant interest in retaining a neutral forum because it is a North Carolina citizen facing suit in Kentucky state court brought by a Kentucky resident. In light of the above,

10

the Court finds the final factor weighs in favor of denying Lawson's motion to amend the complaint.

### III. CONCLUSION

After reviewing the factors and balancing the equities, the Court will exercise its discretion under Section 1447(e) to deny joinder of Melissa Johnson, April Harris, Carolyn Coscia, and Rose Joynt as defendants. The Court finds the circumstances of this case suggest that the purpose of the amendment is in part to destroy diversity jurisdiction, that plaintiff would suffer no substantial prejudice if the amendment were not allowed, and that defendant would be denied its substantial interest in a federal forum if the amendment were allowed.

Accordingly, **IT IS ORDERED** that plaintiff Patsy Lawson's motion to amend complaint (DE 10) and motion to remand (DE 11) are **DENIED**.

Dated January 5, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY